UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN SIMONS                          )
                                      )
            Petitioner                )
                                      )
       v.                             )        CAUSE NO. 3:06-CV-496 RM
                                      )
WILLIAM WILSON,                       )
                                      )
                                      )
            Respondent                )

OPINION AND ORDER

Kevin Simons, a *pro se* prisoner, filed this habeas corpus petition attempting to

challenge his 60 day loss of good time and his demotion in credit class in case WCC 06-04-

0631 on May 3, 2006 by the Disciplinary Hearing Board (DHB) at the Westville Correctional

Facility.[1]

> If it plainly appears from the petition and any attached exhibits that the
> petitioner is not entitled to relief in the district court, the judge must dismiss
> the petition and direct the clerk to notify the petitioner.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Mr. Simons was found guilty of attempted trafficking in postage stamps in violation

of regulation A 111. Mr. Simons raises fifteen grounds in this challenge. "[T]o exhaust a

claim, and thus preserve it for collateral review under § 2254, a prisoner must present that

legal theory to the . . . Final Reviewing Authority . . .." Moffat v. Broyles, 288 F.3d 978, 982

(7th Cir. 2002). Mr. Simons says he didn't present the fourth, sixth, seventh, eighth, tenth,

---

[1] The events occurred at the Chain of Lakes Correctional Facility and the Notice of Disciplinary
Hearing was assigned case number COL 06-04-0017.

or eleventh grounds to the Final Reviewing Authority. These six unpresented grounds are procedurally defaulted. "[P]rocedural default . . . precludes consideration of this theory under § 2254 unless the prisoner can show cause and prejudice . . .." Moffat v. Broyles, 288 F.3d 978, 982 (7th Cir. 2002).

> [T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to [present his issues for administrative review].

Murray v. Carrier, 477 U.S. 478, 488 (1986). Though Mr. Simmons explains that he did not raise these claims because he was prevented from going to the law library, what he is really saying is that he did not know about these claims until after he learned about them by going to the library. Ignorance is not an external cause which excuses procedural default.

> [I]t is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default.

Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003). Indeed Harris went on to hold that neither mental retardation, mental deficiencies, nor mental illness demonstrate cause to excuse procedural default. Therefore, those six unpresented issues are procedurally defaulted.

In his first and second grounds, Mr. Simons argues that these charges were brought against him in retaliation for his having filed grievances, written to newspaper editors, and written to a judge.

> [P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the

2

> protection from such arbitrary action is found in the procedures mandated
> by due process.

McPherson v. McBride, 188 F.3d 784, 787 (7th Cir. 1999). Thus, retaliation does not state an

independent claim in a habeas corpus petition.

In his third ground, Mr. Simons argues that a witness was coerced into making a

false statement by threats of incarceration, but that is not relevant; this argument is merely

a challenge to the credibility of this witness and to the sufficiency of the evidence. "Instead,

the relevant question is whether there is any evidence in the record that could support the

conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56

(1985).

> [T]he findings of a prison disciplinary board [need only] have the support of
> some evidence in the record. This is a lenient standard,  requiring no more
> than a modicum of evidence. Even meager proof will suffice, so long as the
> record is not so devoid of evidence that the findings of the disciplinary board
> were without support or otherwise arbitrary. Although some evidence is not
> much, it still must point to the accused's guilt. It is not our province to assess
> the comparative weight of the evidence underlying the disciplinary board's
> decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations,

parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct
> an examination of the entire record, independently assess witness credibility,
> or weigh the evidence, but only determine whether the prison disciplinary
> board's decision to revoke good time credits has some factual basis.

McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation

omitted). "The Federal Constitution does not require evidence that logically precludes any

conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." Viens v. Daniels, 871 F.2d 1328, 1335 (7th Cir. 1989). Mr. Simons told the DHB that his mother gave him a piece of paper with a book of stamps folded inside of it. Even if he disputes knowing about the stamps, his receipt of the paper is some evidence that he attempted to traffic. *See* Superintendent v. Hill, 472 U.S. 445, 456-457 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); Mason v. Sargent, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

In his fifth ground, Mr. Simons argues that a prisoner can sue a person acting under color of state law who deprives him of a constitutional right and that a prisoner can bring a habeas corpus case when he is challenging the fact or duration of his confinement. He also mentions that federal claims do not have jurisdictional amount requirements and how venue is determined. Though these statements are true, they are merely statements of federal procedure. They are neither individually nor collectively a basis for overturning the DHB determination.

In his ninth ground, Mr. Simons argues that his lay advocate was ineffective. "[I]nmates have no right to retained or appointed counsel at prison disciplinary proceedings" United States v. Gouveia, 467 U.S. 180, 185 n.1 (1984), but

> Where an illiterate inmate is involved, however, or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff.

Wolff v. McDonnell, 418 U.S. 539, 570 (1974). "Wolff's provision for lay assistance is plainly contingent on the inmates's illiteracy or the complexity of the case . . .." Miller v. Duckworth, 963 F.2d 1002, 1004 (7th Cir. 1992). Mr. Simons has not presented any basis for finding that he is illiterate or that these charges were complex. Even if he had, it is clear that he was afforded the opportunity to seek the aid of a fellow inmate. "Ineffective assistance of counsel supplies cause only when the Constitution requires the state to assure adequate legal assistance." Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1991) (quotation marks omitted). The state was not required to provide any assistance, so it is irrelevant whether the assistance he had was ineffective.

In his twelfth ground, Mr. Simons argues that C.A. Penfold violated his rights on appeal when he stated "we do not have to bring the evidence to the hearing." Though Wolff guarantees many procedural rights related to due process hearings, it does not guarantee the right to an appeal. Therefore it was not possible for Penfold to violate his due process rights. Furthermore, though Wolff permits an accused inmate the right to submit

evidence in his defense and have the DHB consider it, <u>Wolff</u> does not require that the inmate be allowed to review the evidence. <u>See Piggie v. Cotton</u>, 342 F.3d 660, 666 (7th Cir. 2003) ("no right to confront or cross-examine adverse witnesses in his disciplinary proceeding.")

In his thirteenth ground, Mr. Simons argues that the DHB violated the Adult Disciplinary Policy. This court cannot grant habeas corpus relief based on the violation of a prison rule, only for the violation of a federal right. So in this proceeding it doesn't matter whether such a rule was violated. *See* <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991). Even if the DHB violated its own procedures, doing so did not deprive Mr. Simons of due process because those procedures are not federal rights.

In his fourteenth ground, Mr. Simons argues that he wasn't given prior notice of case number WCC 06-04-0631, nor was he given prior notice of the charge of attempting. Though <u>Wolff</u> requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it doesn't require such a notice to specify the specific number of the rule violation, its severity, nor even the case number assigned to the hearing.

> Because the factual basis of the investigation report gave [him] all the information he needed to defend against the . . . charge, the reviewing authority's modification did not deprive [him] of his due process rights.

<u>Northern v. Hanks</u>, 326 F.3d 909, 911 (7th Cir. 2003). Here, the case number was changed because Mr. Simons was transferred from one facility to another and the charge was changed at the hearing from trafficking to attempted trafficking, but the factual basis of the

charge remained the same as the notice he previously received. The screening report that Mr. Simons has submitted clearly demonstrates that he knew of the charges against him.

In his fifteenth ground, Mr. Simons argues that beyond the punishment imposed by the DHB, the superintendent deprived him of contact visits and placed him on idle status. "Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement." Sylvester v. Hanks, 140 F.3d 713 (7th Cir. 1998). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 485 (1995).

For the foregoing reasons, the habeas corpus petition is **DISMISSED**, and Respondent is **DISCHARGED** from any obligation to respond to this Court's order to show cause.

SO ORDERED.

ENTERED: November  21 , 2006


                              /s/ Robert L. Miller, Jr.
                        Chief Judge
                        United State District Court